Keith Harris, Esq. (KH 4604)
Braff, Harris, Sukoneck& Maloof
570 W Mount Pleasant Ave., Suite 200
Livingston, N.J. 07039
Ph: (973) 994-6677
Fax: (973) 994-1296
Email: kharris@bhsm-law.com

John P. Fuller, Esquire, *pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
jpf@fullerfuller.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN DIVISION**

| | |
|---|---|
| **THEODORE G. EIFERMAN, Individually,** : | |
| : | |
| **Plaintiffs,** : | |
| **vs.** : | |
| : | **Case No.:** |
| **CROSSROADS PARTNERSHIP, LLC, a New** : | |
| **Jersey  Limited Liability Company,** : | |
| : | |
| **Defendant(s).** : | |
| _____/ | |

**COMPLAINT**

Plaintiff, THEODORE G. EIFERMAN, Individually, on his behalf and on behalf of all

other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff" or

"Plaintiffs"), hereby sue the Defendant(s), CROSSROADS PARTNERSHIP, LLC, a New Jersey

Limited Liability Company, (sometimes referred to as "Defendants"), for Injunctive Relief,

damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with

Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the New Jersey Law Against

1

Discrimination (N.J.S.A.).

**COUNT I**
**VIOLATION OF TITLE III OF THE**
**AMERICANS WITH DISABILITIES ACT, 42 USC § 12181,** *et seq.*

1.  Plaintiff, Theodore G. Eiferman, is an individual residing at 2150 Route 38, Apt. 154W, Cherry Hill, NJ 08002, in the County of Camden.

2.  Defendant, CROSSROADS PARTNERSHIP, LLC, holds title to the subject property alleged by the Plaintiff to be operating in violation of Title III of the ADA.

3.  Defendant's property, Crossroads Plaza is located at 845 Cooper Landing Road, Cherry Hill, NJ 08002.

4.  Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5.  Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6.  Plaintiff, Theodore G. Eiferman is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Eiferman suffers from acute peripheral neuropathy, which condition requires him to use a wheelchair to ambulate. Mr. Eiferman has visited the subject property which forms the basis of this lawsuit on numerous occasions and plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property. The Plaintiff has

2

encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

7.  Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, leases, (or leases to), or operates is known as Crossroads Plaza, and is located at 845 Cooper Landing Road, Cherry Hill, NJ 08002.

8.  THEODORE G. EIFERMAN has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the subject property as described but not necessarily limited to the allegations in paragraph 10 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Theodore G. Eiferman desires to visit Crossroads Plaza, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9.  The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and continue to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of

$500,000 or less). A preliminary inspection of Crossroads Plaza has shown that violations exist. These violations that Theodore G. Eiferman personally encountered or observed include, but are not limited to:

**Parking and Exterior Accessible Route**

a) Parking spaces throughout Crossroads Plaza are not maintained, contain slopes beyond limits within parking spaces and lack compliant accessible routes from accessible parking, violating Sections 402 and 502 of the 2010 Accessibility Standards. These conditions during numerous visits prevented Mr. Eiferman from unloading from his van freely and safely.

b) Crossroads Plaza fails to provide the required amount of compliant accessible parking spaces, violating Section 502 of the 2010 Accessibility Standards. The lack of accessible parking makes Mr. Eiferman park in open areas so he can unload freely and safely from his van.

c) Curb ramps provided to access stores at Crossroads Plaza are unsafe for wheelchair users and are not provided in some areas of the center. The curb ramps protrude in to the traffic area, contain excessive slopes, abrupt changes of level and lack level landings, violating Sections 402 and 406 of the 2010 Accessibility Standards. Mr. Eiferman dealt with a lack of maneuvering space at the top of the curb ramp. These conditions are unsafe for Mr. Eiferman when he accesses the curb ramps.

d) The exterior accessible route from parking spaces and throughout Crossroads Plaza fails to provide a safe accessible route, violating Section 402 of the 2010 Accessibility Standards. Mr. Eiferman was forced to travel in the traffic area of the center to get to the curb ramp and had to deal with cross slopes and/or abrupt changes of level greater than ¼ inch while accessing tenants.

e) Crossroads Plaza fails to provide a safe accessible route to the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards. The lack of a compliant accessible route prevents the option of public transportation for Mr. Eiferman.

**Access to Goods and Services**

f) Payment counters throughout Crossroads Plaza including Rita's Water Ice is mounted beyond the reach of Mr. Eiferman, violating Sections 308 and 904 of the 2010 Accessibility Standards.

g) Seasons Hibachi and Plaza Pizza to provide accessible dining tables for those in wheelchairs, violating Section 902 of the 2010 Accessibility Standards. Mr. Eiferman was unable to dine comfortably due to a lack of accessible tables.

h) Entering tenants is impeded by slopes beyond limits and/or abrupt changes of level at the base, violating Section 404 of the 2010 Accessibility Standards. Abrupt changes of level and slopes can cause damage to Mr. Eiferman's wheelchair.

**Restrooms**

i) Restrooms at Crossroads Plaza including 4 Seasons Hibachi, Plaza Pizza and Salons were reported to be unsafe for use by the plaintiff. Inspection revealed Mr. Eiferman was unable to use the restrooms safely due to a lack of accessibility. Including, inaccessible water closets which lack proper controls and wheelchair maneuvering space violating Section 601 of the 2010 Accessibility Standards.

j) Restrooms at 4 Seasons Hibachi, Plaza Pizza and Salons provide dispensers beyond reach of wheelchair users and are inaccessible to the plaintiff, violating Section 308 of the 2010 Accessibility Standards.

k) Lavatories at 4 Seasons Hibachi, Plaza Pizza and Salons lack knee clearance and accessibility preventing the plaintiff from freely accessing the lavatory, violating Section 606 the 2010 Accessibility Standards.

l) 4 Seasons Hibachi, Plaza Pizza and Salons provides restrooms that contain improper centerlines for the water closets and flush controls mounted on the wall side, violating Section 604 of the 2010 Accessibility Standards. Mr. Eiferman was unable to access flush controls while in the restrooms due to improper location.

m) Using restrooms doors at 4 Seasons Hibachi, Plaza Pizza and Salons is impeded by round door knobs, improper signage and a lack of maneuvering clearance, violating Section 404 of the 2010 Accessibility Standards. Round door knobs, stored goods and maneuvering space impede Mr. Eiferman from easily accessing doors.

**Maintenance**

n) The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR 36.211.

11. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

12. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts

violating the ADA and all of the barriers to access. Plaintiff and all other individuals

similarly situated, have been denied access to, and have been denied the benefits of

services, programs and activities of the Defendant's buildings and its facilities, and have

otherwise been discriminated against and damaged by the Defendant because of the

Defendant's ADA violations, as set forth above. Plaintiff and all others similarly situated

will continue to suffer such discrimination, injury and damage without the immediate

relief provided by the ADA as requested herein. In order to remedy this discriminatory

situation, the Plaintiff requires an inspection of the Defendant's place of public

accommodation in order to determine all of the areas of non-compliance with the

Americans with Disabilities Act.

13.   Defendant has discriminated against the Plaintiff by denying him access to the full and

equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its place of public accommodation or commercial facility in violation

of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant

continues to discriminate against the Plaintiff, and all those similarly situated, by failing

to make reasonable modifications in policies, practices or procedures, when such

modifications are necessary to afford all offered goods, services, facilities, privileges,

advantages or accommodations to individuals with disabilities; and by failing to take such

efforts that may be necessary to ensure that no individual with a disability is excluded,

denied services, segregated or otherwise treated differently than other individuals because

of the absence of auxiliary aids and services.

14.   Plaintiff is without adequate remedy at law and is suffering irreparable harm.

Considering the balance of hardships between the Plaintiff and Defendant, a remedy in

6

equity is warranted.  Furthermore, the public interest would not be disserved by a

permanent injunction.

15.    Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees,

costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28

CFR 36.505.

16.    Defendant is required to remove the existing architectural barriers to the physically

disabled when such removal is readily achievable for its place of public accommodation

that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there

has been an alteration to Defendant's place of public accommodation since January 26,

1992, then the Defendant is required to ensure to the maximum extent feasible, that the

altered portions of the facility are readily accessible to and useable by individuals with

disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the

Defendant's facility is one which was designed and constructed for first occupancy

subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's

facility must be readily accessible to and useable by individuals with disabilities as

defined by the ADA.

17.    Notice to Defendant is not required as a result of the Defendant's failure to cure the

violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer

employees and gross receipts of $500,000 or less).  All other conditions precedent have

been met by Plaintiff or waived by the Defendant.

18.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff

Injunctive Relief, including an order to require the Defendant to alter Crossroads Plaza to

make its facilities readily accessible and useable to the Plaintiffs and all other persons

7

with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The order should further request the Defendant to maintain the required accessible features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully request:

19. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

20. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

21. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

22. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION

23. Plaintiff re-alleges all prior obligations as if fully set forth herein. Plaintiff repeats the allegations contained in all of the proceeding paragraphs.

24. Defendant's facility is a place of public accommodation as defined by N.J.S.A. 10:5-5,

(New Jersey Law against Discrimination).

25.     New Jersey law provides that all persons shall have the opportunity to obtain all the

accommodations, advantages, facilities and privileges of any place of public

accommodation without discrimination on the basis of disability.  This opportunity is

recognized and declared to be a civil right.  (See, N.J.S.A. 10:5-4.)

26.     As a result of the aforementioned discrimination, Plaintiff, Theodore G. Eiferman has

sustained emotional distress, mental anguish and suffering and humiliation, and other

injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Theodore G. Eiferman demands judgment for injunctive relief,

damages, attorneys' fees, litigation expenses, including expert fees and costs pursuant to the New

Jersey Law Against Discrimination.

Date: 5\30\19                      Respectfully Submitted,

_____

Keith Harris, Esq. (KH 4604)
Braff, Harris, Sukoneck& Maloof.
570 W Mount Pleasant Ave., Suite 200
Livingston, N.J. 07039
Ph: (973) 994-6677
Fax: (973) 994-1296
Email: kharris@bhsm-law.com


John P. Fuller, Esquire, *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Ph: (305) 891-5199
Fax: (305) 893-9505
Email: jpf@fullerfuller.com

*Counsel for Plaintiff, Theodore G. Eiferman*